IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

Case No. 8:24-cv-01341

ALEX EVERS,

     Plaintiff,

v.

THE SPORTS MALL, LLC d/b/a
SPORTSCOLLECTIBLES.COM and DAVIS
& DARNELL COMPUTER SERVICES LLC
d/b/a NITTANY WEB WORKS,

     Defendants.

_____

## **COMPLAINT**

Plaintiff Alex Evers ("Plaintiff") sues defendants The Sports Mall, LLC d/b/a SportsCollectibles.com ("Sports Mall") and Davis & Darnell Computer Services LLC d/b/a Nittany Web Works ("Nittany Web") (collectively, the "Defendants"), and alleges as follows:

## **THE PARTIES**

1.     Plaintiff is an individual who is a citizen of the State of California residing in the State of California.

2.     Sports Mall is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business located at 4710 Eisenhower Blvd S., Suite A-1, Tampa, FL 33634. Sports Mall's agent for service of process is Synergy Ventures, Inc., 4710 Eisenhower Blvd S. Suite A-1, Tampa, FL 33634.

3.     Nittany Web is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business located at 301 Union Avenue, Suite 355, Altoona, PA 16602. Nittany Web's agent for service of process is Registered Agents Inc, 7901 4th

Street N, Suite 300, St. Petersburg, FL 33702.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Defendants because they have maintained sufficient minimum contacts with Florida such that the exercise of personal jurisdiction over them would not offend traditional notices of fair play and substantial justice.

6.      Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendants or their agents reside or may be found in this district.  "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant." Palmer v. Braun, 376 F.3d 1254, 1259-60 (11th Cir. 2004).  "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'" McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991)).

## FACTS

I.      **Plaintiff's Business**

1.      Known for his Eclipse Award-winning photography, Plaintiff has become a familiar name for those in horse racing.

2.      Plaintiff began photography as a hobby when he was 21 years old but has loved horse racing from a very early age. His hobby quickly became his profession and today he is a renowned horse racing photographer as well as an accomplished sports and corporate

photographer. Plaintiff has created tens of thousands of images of intense racing moments, trainers, jockeys, horses and fans, covering major races around the world such as the Breeder's Cup, Kentucky Derby, Churchill Downs, The Belmont Stakes, The Longines International Races, and many more.

3.      Plaintiff's main goal in creating an image is to take something already seen before and show it in a tight and different perspective. He is devoted to making beautiful, storytelling images and his photography does indeed show the excitement, tension, beauty, and grittiness of the equestrian racing world.

## II.      The Work at Issue in this Lawsuit

### A. The First Photograph

4.      On May 2, 2015, Plaintiff took a professional photograph of American Pharaoh with jockey Victor Espinoza defeating Firing Line and Gary Stevens to win the Kentucky Derby at Churchill Downs Louisville, KY titled "15-0502-American_Pharaoh_Firing_line_01_evers" (the "First Photograph").  A copy of the First Photograph is displayed below:



3

5.      The First Photograph was registered by Plaintiff with the Register of Copyrights on July 4, 2015 and was assigned Registration No. VA 1-974-868. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

6.      Plaintiff is the owner of the First Photograph and has remained the owner at all times material hereto.

### B.    The Second Photograph

7.      On June 9, 2018, Plaintiff took a professional photograph of Justify #1 with Mike Smith becoming the 13 Triple Crown champion after winning the 150 Belmont Stakes in Elmont, New York titled "18-0609-justify-113-Evers" (the "Second Photograph").  A copy of the Second Photograph is displayed below:



8.      The Second Photograph was registered by Plaintiff with the Register of Copyrights on July 2, 2018 and was assigned Registration No. VA 2-109-184. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "B."**

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

9.    Plaintiff is the owner of the Second Photograph and has remained the owner at all times material hereto.

### C. The Third Photograph

10.    On January 28, 2017, Plaintiff took a professional photograph of Arrogate #1, ridden by jockey Mike Smith, winning the Pegasus World Cup Invitational at Gulfstream Park Course in Hallandale Beach, FL titled "17-0128-Arrogate_002-Evers.jpg" (the "<u>Third Photograph</u>").  A copy of the Third Photograph is displayed below:



11.    The Third Photograph was registered by Plaintiff with the Register of Copyrights on June 22, 2017 and was assigned Registration No. VA 2-056-091. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **<u>Exhibit "C."</u>**

12.    Plaintiff is the owner of the Third Photograph and has remained the owner at all times material hereto.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

### D. The Fourth Photograph

13.    On August 20, 2016, Plaintiff took a professional photograph of California Chrome #1, ridden by jockey Victor Espinoza, winning the TVG Pacific Classic Stakes at Del Mar in Del Mar, California titled "EVS_160820-californiachrome_001.jpg" (the "Fourth Photograph").  A copy of the Fourth Photograph is displayed below:



14.    The Fourth Photograph was registered by Plaintiff with the Register of Copyrights on September 8, 2016 and was assigned Registration No. VA 2-016-363. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "D."**

15.    Plaintiff is the owner of the Fourth Photograph and has remained the owner at all times material hereto.

16.    The First Photograph, Second Photograph, Third Photograph and Fourth Photograph are collectively referred to herein as the "Work."

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

### III.    Defendants' Unlawful Activities

17.    Sports Mall operates an online store that purportedly sells authentic sports memorabilia and sport collectibles. Its website offers over 35,000 items from almost every professional and college-level sport teams and athletes.

18.    Although Sports Mall 'offers' tens of thousands of items for sale on its website, it owns and/or is in possession of only a small percentage of such items.

19.    This is because Sports Mall's business model primarily involves utilizing a computer algorithm purposely designed to scour sites such as www.ebay.com, identify listings for sports memorabilia, copy the text and photographs associated with such listing, and then list the same item for sale on Sports Mall's website at a substantial markup.

20.    The computer algorithm utilized by Sports Mall is directed/controlled by Nittany Web, a marketing company whose "mission is to provide high-quality professional website design, lead-generating Internet marketing services, a reliable website hosting platform, and our advanced Ecommerce Platform."

21.    Sports Mall and Nittany Web maintain a contractual relationship whereby Sports Mall instructs Nittany Web with respect to specific protocols/criteria to search/copy from sites such as www.ebay.com and Nittany Web utilizes its algorithm to find/copy those listings that match Sports Mall's criteria.  Nittany Web then utilizes its algorithm to create a largely identical listing for the same item for sale on Sports Mall's website.

22.    Defendants do not seek permission from the owners of the scoured items that Sports Mall lists for sale on its website and do not maintain a contractual relationship with any such persons – Defendants simply copy the listings and hope that a consumer will purchase from Sports Mall (at a substantial markup) rather than the person actually in possession of the item.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

23.    If a consumer is unfortunate enough to purchase the item for sale from Sports Mall (rather than the owner who is actually in possession of the item), Sports Mall will at that point purchase the item from the original seller and cause such to be shipped to its customer's address (thus ensuring that Sports Mall was never in possession of the item at issue).

24.    Sports    Mall    advertises/markets    its    business    through    its    website (https://www.sportscollectibles.com),    social    media    (e.g., https://www.facebook.com/SportsCollectiblesStore/), and other forms of advertising.

25.    Nittany    Web    advertises/markets    its    business    through    its    website (https://www.nittanyweb.com/),    social    media    (e.g., https://www.facebook.com/NittanyWebWorks/), and other forms of advertising.

26.    On a date after Plaintiff's above-referenced copyright registration of the First Photograph, Defendants displayed and/or published the First Photograph (or a derivative copy thereof)    on    Sports    Mall's    website    (at https://www.sportscollectibles.com/mike_smith_autographed_signed_victor_espinoza_triple_crown_winners_custom_16x20_jsa_coa_c_p12738429.htm) in connection with a "Mike Smith Autographed Signed & Victor Espinoza Triple Crown Winners Custom 16x20 JSA COA" that Sports Mall was attempting to sell for $472.95:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



27.    On a date after Plaintiff's above-referenced copyright registration of the First Photograph, Defendants also displayed and/or published the First Photograph (or a derivative copy thereof) on Sports Mall's website (at https://www.sportscollectibles.com/victor_espinoza_autographed_signed_american_pharoah_2015_triple_crown_custom_16x20_jsa_coa_c_p12729122.htm) in connection with a "Victor Espinoza Autographed Signed American Pharoah 2015 Triple Crown Custom 16x20 JSA COA" that Sports Mall was attempting to sell for $343.95:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



28.   On a date after Plaintiff's above-referenced copyright registration of the First Photograph, Defendants also displayed and/or published the First Photograph (or a derivative copy thereof) on Sports Mall's website (at https://www.sportscollectibles.com/victor_espinoza_autographed_signed_american_pharoah_triple_crown_custom_16x20_jsa_coa_c_p28507667.htm) in connection with a "Victor Espinoza Autographed Signed American Pharoah Triple Crown Custom 16X20 JSA COA" that Sports Mall was attempting to sell for $394.19:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228



29.     In each of the above instances of Defendants' display and/or publication of the First Photograph, the image being displayed on Sports Mall's website was uploaded to and stored directly on Nittany Web's website/server (i.e., at https://images.nittanyweb.com/).

30.     In each of the above instances of Defendants' display and/or publication of the First Photograph, Defendants did not own the memorabilia being offered for sale, were not in possession of the memorabilia being offered for sale, and did not have permission from the owner of the memorabilia being offered for sale to list such for sale on Sports Mall's website.

31.     On a date after Plaintiff's above-referenced copyright registration of the Second Photograph, Defendant displayed and/or published the Second Photograph on Sports Mall's website                                                                                    (at https://www.sportscollectibles.com/mike_smith_autographed_signed_jockey_8x10_photo_bel mont_stakes_2018_justify_beckett_c_p12696305.htm) in connection with a "Mike Smith Autographed Signed Jockey 8x10 Photo Belmont Stakes 2018-Justify Beckett" that Sports Mall was attempting to sell for $83.95:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228



32.    In the above instance of Defendants' display and/or publication of the Second Photograph, the image being displayed on Sports Mall's website was uploaded to and stored directly on Nittany Web's website/server (i.e., at https://images.nittanyweb.com/).

33.    In the above instance of Defendants' display and/or publication of the Second Photograph, Defendants did not own the memorabilia being offered for sale, were not in possession of the memorabilia being offered for sale, and did not have permission from the owner of the memorabilia being offered for sale to list such for sale on Sports Mall's website.

34.    On a date after Plaintiff's above-referenced copyright registration of the Third Photograph, Defendants displayed and/or published a giclée derivative copy of the Third Photograph on Sports Mall's website (at https://www.sportscollectibles.com/mike_smith_autographed_signed_arrogate_canvas_giclee_horse_racing_psa_dna_breeders_cup_hof_c_p20490541.htm) in connection with a "Mike Smith Autographed Signed Arrogate Canvas Giclee Horse Racing PSA/DNA Breeders Cup HOF" that Sports Mall was attempting to sell for $1,159.99:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



35.    On a date after Plaintiff's above-referenced copyright registration of the Third Photograph, Defendants also displayed and/or published a giclée derivative copy of the Third Photograph on Sports Mall's website (at https://www.sportscollectibles.com/mike_smith_autographed_signed_arrogate_canvas_giclee_horse_racing_psa_dna_breeders_cup_hof_c_p28844976.htm) in connection with a "Mike Smith Autographed Signed Arrogate Canvas Giclee Horse Racing PSA/DNA Breeders Cup HOF" that Sports Mall was attempting to sell for $944.19:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228



36.     On a date after Plaintiff's above-referenced copyright registration of the Third Photograph, Defendants also displayed and/or published a giclée derivative copy of the Third Photograph on Sports Mall's website (at https://www.sportscollectibles.com/mike_smith_autographed_signed_arrogate_canvas_giclee_horse_racing_psa_dna_breeders_cup_c_p28354511.htm) in connection with a "Mike Smith Autographed Signed Arrogate Canvas Giclee Horse Racing PSA/DNA Breeders Cup" that Sports Mall was attempting to sell for $1,504.19:



37.    In each of the above instances of Defendants' display and/or publication of the Third Photograph, the image being displayed on Sports Mall's website was 'hotlinked' from the website (e.g., www.ebay.com) that was hosting the item for sale. Thus, while visitors to Sports Mall's website would see the image displayed thereon, the image was itself still hosted/stored on the website/server on which the owner of the memorabilia was being sold (e.g., www.ebay.com).

38.    In each of the above instances of Defendants' display and/or publication of the Third Photograph, Defendants did not own the memorabilia being offered for sale, were not in possession of the memorabilia being offered for sale, and did not have permission from the owner of the memorabilia being offered for sale to list such for sale on Sports Mall's website.

39.    On a date after Plaintiff's above-referenced copyright registration of the Fourth Photograph, Defendants displayed and/or published a giclée derivative copy of the Fourth

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

Photograph on Sports Mall's website (at https://www.sportscollectibles.com/victor_espinoza_autographed_signed_california_chrome_canvas_giclee_horse_racing_psa_dna_c_p20543477.htm) in connection with a "Victor Espinoza Autographed Signed California Chrome Canvas Giclee Horse Racing PSA/DNA" that Sports Mall was attempting to sell for $729.99:



40.     In the above instance of Defendants' display and/or publication of the Fourth Photograph, the image being displayed on Sports Mall's website was 'hotlinked' from the website (e.g., www.ebay.com) that was hosting the item for sale.  Thus, while visitors to Sports Mall's website would see the image displayed thereon, the image was itself still hosted/stored on the website/server on which the owner of the memorabilia was being sold (e.g., www.ebay.com).

41.     In the above instance of Defendants' display and/or publication of the Fourth Photograph, Defendants did not own the memorabilia being offered for sale, were not in possession of the memorabilia being offered for sale, and did not have permission from the owner of the memorabilia being offered for sale to list such for sale on Sports Mall's website.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

42.    A true and correct copy of screenshots of Sports Mall's website, displaying the copyrighted Work, is attached hereto as **Exhibit "E."**

43.    Defendants are not and have never been licensed to use or display the Work. Defendants never contacted Plaintiff to seek permission to use the Work in connection with its website or for any other purpose.

44.    Defendants utilized the Work for commercial use – namely, in connection with the sale of autographed sports memorabilia.

45.    Upon information and belief, Defendants located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for their own commercial use.

46.    Through his ongoing diligent efforts to identify unauthorized use of his photographs, Plaintiff first discovered Defendants' unauthorized use/display of the First Photograph and Second Photograph in February 2022, and discovered Defendants' unauthorized use/display of the Third Photograph and Fourth Photograph in February 2023.

47.    All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

48.    Plaintiff re-alleges and incorporates paragraphs 1 through 47 as set forth above.

49.    Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

50.    Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights.

51.    As a result of Plaintiff's reproduction, distribution, and public display of the Work,

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Defendants had access to the Work prior to their own reproduction, distribution, and public display of the Work on Sports Mall's website.

52.    Defendants reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

53.    By their actions, Defendants infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501.  Defendants' infringement was either direct, vicarious, and/or contributory.

54.    Defendants' infringement was willful as they acted with actual knowledge or reckless disregard for whether their conduct infringed upon Plaintiff's copyright.  Notably, each of Sports Mall and Nittany Web itself has a copyright disclaimer on its website ("© 2024 Sports Collectibles" and "©1999- 2024 Nittany Web Works"), indicating that Defendants understand the importance of copyright protection and intellectual property rights and are actually representing that they own each of the photographs published on their respective websites.  See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.'  By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Court finds Plaintiff has sufficiently pled a willful violation…."). Defendants clearly understand that professional photography is not generally available for free or that such can simply be copied from the internet.

55.     Sports Mall's willfulness is further demonstrated by the fact that Sports Mall received multiple infringement notices and was sued multiple times for copyright infringement prior to Plaintiff's discovery of the infringements at issue herein, yet Sports Mall has not implemented any policies or procedures to avoid infringement and has not materially altered its business practices to attempt to confirm that the products it sells are not protected by copyright. See, e.g. Fabric Selection, Inc. v. NNW Imp., Inc., No. 2:16-cv-08558-CAS(MRWx), 2018 U.S. Dist. LEXIS 62334, at *29 (C.D. Cal. Apr. 11, 2018) ("[R]ecklessness or willful blindness is typically demonstrated by past practices of infringing other works, or when a defendant ignores a warning letter sent by plaintiff's counsel.") (citing Nimmer on Copyright § 14.04[B][3][a], at 14-94-14-95); Design Basics, LLC v. Drexel Bldg. Supply, Inc., No. 13-C-560, 2016 U.S. Dist. LEXIS 137713, at *17-18 (E.D. Wis. Oct. 4, 2016) ("If offered for the limited purpose of establishing willfulness, on the other hand, all that need be shown is that the Defendants have previously faced copyright infringement accusations. That is, the merit and truth of those accusations is less relevant than the fact that they were made at all. It is the accusation, combined with the settlement, that arguably placed the Defendants on notice that their actions were causing others to call their conduct into question—regardless of the merit of those questions."); N.A.S. Imp., Corp. v. Chenson Enters., 968 F.2d 250, 252 (2d Cir. 1992) ("We have held that for the purpose of awarding enhanced statutory damages under § 504(c)(2), an infringement is willful if the defendant had knowledge that its actions constitute an infringement. This knowledge may be actual or constructive. In other words, it need not be proven directly but may be inferred from the

defendant's conduct.") (internal citations and quotation marks omitted); <u>4 Nimmer on Copyright</u> § 14.04[B][3] ("[O]ne who 'recklessly disregards' a copyright holder's rights, even if lacking actual knowledge of infringement, may be subject to enhanced damages. That reckless disregard can be inferred from a past practice of infringing other works or from other circumstances—a good example being that the defendant has defaulted."); <u>Yash Raj Films (USA) Inc. v. Rannade Corp.</u>, No. CIVIL: 01 CV 5779 (JCL), 2007 U.S. Dist. LEXIS 36086, at *28 (D.N.J. May 17, 2007) ("Defendants having been sued in other copyright infringement cases and Defendants' past practice of infringing other works is another basis for finding Defendants' infringement to be willful."); <u>Swallow Turn Music v. Wilson</u>, 831 F. Supp. 575, 580 (E.D. Tex. 1993) ("It can be said that there are two kinds of willfulness: (1) knowing that a particular performance is a copyright infringement, and (2) knowing that the normal course of business involves a pattern of repeated copyright infringements. Should the latter situation occur, then 'willfulness' proven as to the course of business will suffice for "willfulness" for any particular occurrence of copyright infringement. A proprieter who has been repeatedly warned that a course of conduct violates the law should take responsibility in seeing that it does not happen again.").

56.      These prior lawsuits include: (a) <u>Kevorkian v. The Sports Mall, LLC</u>, Case No., 2:21-cv-02747 (C.D. Cali.); <u>Krikor et al. v. The Sports Mall, LLC</u>, Case No. 2:22-cv-05600 (C.D. Cali.); <u>Boehm v. The Sports Mall, LLC</u>, Case No. 1:21-cv-21977 (S.D. Fla.); and <u>Eclipse Sportswire v. The Sports Mall, LLC</u>, Case No. 8:20-cv-01433 (M.D. Fla.).

57.      Plaintiff has been damaged as a direct and proximate result of Defendants' infringement.

58.       Plaintiff is entitled to recover his actual damages resulting from Defendants' unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)),

Plaintiff is entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Work, which amounts shall be proven at trial.

59.     Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

60.     Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his costs and attorneys' fees as a result of Defendant's conduct.

61.     Defendants' conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a.  A declaration that Defendants have infringed Plaintiff's copyrights in the Work;

b.  A declaration that such infringement is willful;

c.  An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each photograph comprising the Work;

d.  Awarding Plaintiff his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f.  Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

g.  For such other relief as the Court deems just and proper.

**<u>Demand For Jury Trial</u>**

Plaintiff demands a trial by jury on all issued so triable.

Dated: June 3, 2024.                         COPYCAT LEGAL PLLC
                                             3111 N. University Drive
                                             Suite 301
                                             Coral Springs, FL 33065
                                             Telephone: (877) 437-6228
                                             dan@copycatlegal.com
                                             lauren@copycatlegal.com

                                             By: /s/ Daniel DeSouza_____
                                                  Daniel DeSouza, Esq.
                                                  Florida Bar No.:  19291
                                                  Lauren Hausman, Esq.
                                                  Florida Bar No.: 1035497

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228