UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **ALEX EVERS**, <br><br> Plaintiff, <br><br> v. <br><br> **THE SPORTS MALL, LLC d/b/a SPORTSCOLLECTIBLES.COM** and **DAVIS & DARNELL COMPUTER SERVICES LLC d/b/a NITTANY WEB WORKS**, <br><br> Defendant. | Case No.: 8:24-cv-01341-TBP-UAM |

## DAVIS & DARNELL COMPUTER SERVICES, LLC'S MOTION TO DISMISS COMPLAINT (DKT. 1)

Pursuant to Fed. R. Civ. P. 12(b)(1), and 12(b)(6) Defendant Davis & Darnell Computer Services, LLC d/b/a Nittany Web Works ("Nittany"), through its undersigned attorney, hereby moves the Court to dismiss the Complaint (Dkt. 1) filed against it by Alex Evers ("Evers") for lack of standing to assert a cause of action for copyright infringement and failure to state a claim, and states as follows:

### I.     BACKGROUND

The merits of this lawsuit were initially brought to the Middle District of Florida in another case, namely, *Eclipse Sportswire v. The Sports Mall, LLC, Case No. 8:22-cv-01433-KKM-NHA* (the "Prior Case"). The allegations in Prior Case are

1

virtually identical to the ones in the Complaint.[1] The only differences are that (1) the Plaintiff is Alex Evers instead of Eclipse Sportswire after the Court found that Eclipse Sportswire lacked statutory standing to sue under the Copyright Act in the Prior Case, and (2) Nittany has been added as a defendant. In the Prior Case, plaintiff deposed Nittany, but chose not to sue Nittany, presumably because Nittany has not committed copyright infringement. Like Eclipse Sportswire in the Prior Case, Evers lacks standing to assert a cause of action for copyright infringement. Thus, the Complaint should be dismissed.

II. **EVERS LACKS STANDING TO SUE NITTANY**

Evers asserts a claim for copyright infringement against Nittany for displaying works Evers sold to third parties. Evers asserts "Defendants do not seek permission from the owners of the [] items." (Complaint, ¶ 22). When a copyright owner sells a copy of a copyrighted item, he exhausts his right to control the distribution of that copy. Evers sold copies of the works at issue (the "Memorabilia") to individuals, who then decided to sell the Memorabilia on ebay (the "ebay Listers"). Evers does not allege and cannot allege he is the owner of the Memorabilia or has any right or interest in policing how the items are displayed, much less show any damages

---

[1] Nittany respectfully requests that the Court take judicial notice of the court documents in the Prior Case. *See Hooker v. Hanretta*, No. 8:22-cv-1614-TPB-TGW, 2023 U.S. Dist. LEXIS 88245 (M.D. Fla. May 19, 2023) (taking judicial notice of court documents from prior lawsuits in the Middle District of Florida).

incurred. The only party with standing to bring a claim for copyright infringement of the Memorabilia are the individual ebay Listers who own the Memorabilia, the same individuals who have not objected to the display of their property. "Once the copyright owner places the copyrighted item in the stream of commerce by selling it, he has exhausted his exclusive statutory right to control its distribution." *Fish Kiss LLC v. N. Star Creations, LLC*, Civil Action No. 17-8193 (JBS/AMD), 2018 U.S. Dist. LEXIS 136147, at *15 (D.N.J. Aug. 13, 2018) at *15-16 (citing *Quality King Distribs. v. L'anza Research Int'l*, 523 U.S. 135, 152, 118 S. Ct. 1125, 140 L. Ed. 2d 254 (1998)).

    a. *<u>Dismissal under 12(b)(1)</u>*

"Under Rule 12(b)(1), the plaintiff bears the burden to establish the district court's subject matter jurisdiction." *Bryant v. Byron Udell & Assocs.*, No. 8:23-cv-2171-TPB-SPF, 2024 U.S. Dist. LEXIS 105838, at *3 (M.D. Fla. June 14, 2024) (citing, *Thompson v. McHugh*, 388 F. App'x 870, 872 (11th Cir. 2010)). "A party may attack subject matter jurisdiction through a facial attack or a factual attack." *Id.* (citing *Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir. 1999) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990))). "Facial attacks . . . 'require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [plaintiff's] complaint are taken as true for the purposes of the motion.'" *Id.* at *3-4 (quoting *Lawrence*, 919 F.2d at 1529).

3

Article III standing is required to maintain a lawsuit in federal court. *See, e.g., Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) (standing is an "essential and unchanging part of the case-or-controversy requirement of Article III"). "Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Guerrero v. Target Corp.*, 889 F. Supp. 2d 1348, 1352 (S.D. Fla. 2012). To have Article III standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable decision." *Fields v. Walmart Inc.*, No. 8:23-cv-2057-TPB-UAM, 2024 U.S. Dist. LEXIS 92598, at *3 (M.D. Fla. Apr. 8, 2024) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016)).

"The Copyright Act of 1976 limits who has statutory standing to sue for infringement to '[t]he legal or beneficial owner of an exclusive right under a copyright.'" *Sportswire v. Sports Mall, LLC*, No. 8:22-cv-1433-KKM-NHA, 2024 U.S. Dist. LEXIS 66023, at *8 (M.D. Fla. Mar. 14, 2024) (citing 17 U.S.C. § 501(b)) (also citing *Saregama India v. Mosley*, 635 F.3d 1284, 1290-91 (11th Cir. 2011) ("[O]nly the legal or beneficial owner of an 'exclusive right' has standing to bring a copyright infringement action in a United States court.")) (*Smith v. Casey*, 741 F.3d 1236, 1241 (11th Cir. 2014) (explaining that only "[t]he legal or beneficial

4

owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right")). "The Copyright Act also identifies the six rights with respect to a copyright that are protected by the statute: to reproduce the work; to prepare derivative works based upon the work; to distribute copies of the work; to perform the work publicly; to display the work publicly; and to record and perform the work by means of an audio transmission." *Id.* (citing 17 U.S.C. § 106).

"Ordinarily, ownership accrues to the author[,]" who in the instant case is alleged to be Evers. *Id.* at *9 (citing 17 U.S.C. §201(a)). However, "[t]he first sale doctrine, codified at 17 U.S.C. § 109(a), prevents the copyright owner from controlling future transfers of a particular copy of a copyrighted work after he has transferred its 'material ownership' to another. *Fish Kiss LLC*, 2018 U.S. Dist. LEXIS 136147, at *15 (citing *Columbia Pictures v. Aveco, Inc.*, 800 F.2d 59, 63-64 (3d Cir. 1986) (citing *Columbia Pictures Indus. v. Redd Horne*, 749 F.2d 154, 159 (3d Cir. 1984)). "Once a copyright owner consents to the sale of particular copies of work, that owner cannot later claim infringement for distribution of those copies." *Adobe Sys. v. A & S Elecs., Inc.*, No. C 15-2288 SBA, 2016 U.S. Dist. LEXIS 188010, at *9 (N.D. Cal. Oct. 13, 2016) (citing *Omega S.A. v. Costco Wholesale Corp.*, 776 F.3d 692, 694 (9th Cir. 2015)).

In the instant case, Evers is the alleged author of the images at issue. *See* Complaint ¶¶ 4-16, Exhibits A-D. According to the Complaint, Sports Mall offered and attempted to distribute the Memorabilia for sale on its website with the use of Nittany's computer algorithm. *Id.* at ¶¶ 17-42. Evers is not the owner of the Memorabilia that was displayed by Sports Mall on its website. *Id.* at ¶¶ 22-23. ("Defendants do not seek permission from the owners of the scoured items…Defendants simply copy the listings and hope that a consumer will purchase from Sports Mall…rather than the person actually in possession of the item…Sports mall will at that point purchase the item from the original seller and cause such to be shipped to its customer's address"). The owners of the Memorabilia are the ebay Listers who presumably purchased the Memorabilia from Evers, or from someone downstream of Evers. *See id.* at ¶¶ 19, 22, 23. Throughout the Complaint, Evers admits he is not the owner of the Memorabilia, instead asserting claims on behalf of unknown, unidentified "owners" of the Memorabilia. "In the above instance of Defendants' display and/or publication of the [Memorabilia], Defendants did not own the memorabilia being offered for sale, were not in possession of the memorabilia being offered for sale, and *did not have permission from the owner* of the memorabilia being offered for sale to list such for sale on Sports Mall's website." *See id.* ¶¶ 30, 33, 38, 41 (emphasis added).

Although Nittany believes it does not need the owners' consent to republish an offer to sell, it certainly did not need Evers' consent. Once Evers placed the Memorabilia in the stream of commerce by selling it, he exhausted his exclusive statutory right to control the distribution of the Memorabilia. Because Evers is prohibited from controlling future transfers of the Memorabilia after transferring 'material ownership' to the ebay Listers, Evers has no standing to sue Nittany for helping Sports Mall redistribute and sell the Memorabilia.

### b. *Dismissal under 12(b)(6)*

"A motion to dismiss based on a plaintiff's lack of standing may be considered under either Rule 12(b)(1) or Rule 12(b)(6)." *In re Venice-Oxford Assocs.*, 236 B.R. 814, 816 (Bankr. M.D. Fla. 1998) (citing *In re Dublin Securities, Inc.*, 197 B.R. 66, 69 n.4 (S.D. Ohio 1996) (citing *Rent Stabilization Ass'n v. Dinkins*, 5 F.3d 591, 594 n.2 (2d Cir. 1993))). "Because the Federal Rules of Civil Procedure 'do not contain a specific procedure for raising an objection that [the] plaintiff is not the real party in interest . . . a motion to dismiss under Rule 12(b)(6) is one proper method of bringing this issue to the Court.'" *In Dime We Tr., RLT v. Armadillo Distribution Enters.*, No. 8:21-cv-1967-SDM-AAS, 2022 U.S. Dist. LEXIS 175008, at *9 (M.D. Fla. Aug. 10, 2022) (citing *Pro Premium Fin. Co., Inc. v. US Premium Fin. Serv. Co., LLC*, No. 0:16-CV-60009-UU, 2016 U.S. Dist. LEXIS 148232, 2016 WL 6248599, at *5 (S.D. Fla. Oct. 26, 2016) (*citing Siemens USA Holdings, Inc. v.*

*United States*, 960 F. Supp. 2d 221, 223 (D.D.C. 2013))) (also citing *Whelan v. Abell*, 953 F.2d 663, 672, 293 U.S. App. D.C. 267 (D.C. Cir. 1992) ("A real-party-in-interest defense can be raised as a Rule 12(b)(6) motion, stating, in effect, that because the plaintiff is not the person who should be bringing the suit, the plaintiff has 'fail[ed] to state a claim upon which relief can be granted.'")) (*Trondheim Cap. Partners, LP v. Life Ins. Co. of Alabama*, 505 F. Supp. 3d 1213, 1225 (N.D. Ala. 2020)).

As explained above, Evers does not have constitutional standing to sue Nittany for copyright infringement of the Memorabilia. Once Evers sold the Memorabilia, he exhausted his exclusive right to control the distribution of the Memorabilia, and thus cannot claim infringement for republications and offers to sell the Memorabilia. The only parties with standing to sue for copyright infringement of the Memorabilia are the ebay Listers, who are not parties to the Complaint. Thus, Evers has failed to state a claim upon which relief can be granted, and the Complaint should be dismissed.

III. <u>CONCLUSION</u>

Based on the foregoing, Nittany respectfully requests that the Complaint against it be dismissed with prejudice. Evers does not have standing to bring a cause of action for copyright infringement against Nittany. This is Plaintiff's second failed attempt at suing for copyright infringement of the Memorabilia, and thus the

Complaint should be dismissed with prejudice.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned counsel for Defendant Nittany has personally conferred with counsel for Plaintiff, and advises the Court that the parties cannot agree concerning the relief sought herein.

Respectfully submitted July 23, 2024.

/s/ Melissa Dangond
Brian R. Gilchrist, FL Bar #774065
Lead Trial Counsel
bgilchrist@allendyer.com
Melissa Dangond, FL Bar #1025285
mdangond@allendyer.com
**ALLEN DYER DOPPELT + GILCHRIST PA**
255 South Orange Avenue, Suite 1401
Orlando, Florida 32801
Telephone:  407-841-2330
Facsimile:   407-841-2343

*Attorneys for Defendant, Davis & Darnell Computer Services d/b/a Nittany Web Works*

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on July 23, 2024, I electronically filed the foregoing using the Case Management/Electronic Case Filing ("CM/ECF") system, which will send a Notice of Electronic Filing to the following CM/ECF participants:

| | |
|---|---|
| Daniel De Souza, Esq.<br>dan@copycatlegal.com<br>Lauren Hausman, Esq,<br>lauren@copycatlegal.com<br>COPYCAT LEGAL PLLC<br>3111 N. University Dr., Ste.301<br>Coral Springs, FL  33065<br>Telephone:  877-437-6228 | John Todd Timmerman, Esq.<br>ttimmerman@shumaker.com<br>Mindi M. Richter<br>mrichter@slk-law.com<br>Jillian Margaret Askren, Esq.<br>jaskren@shumaker.com<br>Shumaker, Loop & Kendrick, LLP<br>101 E Kennedy Blvd Ste 2800<br>Tampa, FL 33602 |

                */s/ Melissa Dangond*
                Melissa Dangond, FL Bar #1025285