UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEX EVERS,

    Plaintiff,

v.                                      Case No. 8:24-cv-1341-TPB-LSG

THE SPORTS MALL, LLC and
DAVIS & DARNELL COMPUTER
SERVICES, LLC,

    Defendants.
_____/

# ORDER

The parties propose a joint stipulated protective order "to protect the Parties' confidential, proprietary, private, or commercially sensitive information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation, including any appeals." Doc. 32, p. 2.

District courts have broad discretion to issue protective orders "to expedite the flow of discovery material, promote the prompt resolution of disputes over confidentiality, and facilitate the preservation of material deemed worthy of protection." *Jones v. Wal-Mart Stores East, LP*, No: 8:23-cv-2676-KKM-JSS, 2024 WL 775211, at *1 (M.D. Fla. 2024) (quoting *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356–57 (11th Cir. 1987)); *see also* FED. R. CIV. P. 26(c). Use of stipulated protective orders reduces "the need to litigate the claim to protection document by document" and expedites "and postpones the necessary showing of 'good cause'

required for entry of a protective order until the confidential designation is challenged." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1307 (11th Cir. 2001). These stipulations allow the parties flexibility to determine what constitutes "confidential" or "protected information" during discovery at their discretion. *Procaps S.A. v. Patheon Inc.*, No. 2-24356-Civ, 2013 WL 4773433, at *6 (S.D. Fla. Sept. 4, 2013). Some courts approve proposed stipulated protective orders "unless the agreement contains provisions that are illegal, unlawful, against public policy, contrary to applicable rules, confusing or otherwise problematic." *Malibu Media, LLC v. Doe*, No. 2:13-cv-836, 2014 WL 1292692 (M.D. Fla. March 31, 2014) (quoting *Procaps S.A. v. Patheon Inc.*, No. 2-24356-Civ, 2013 WL 4773433, at *6 (S.D. Fla. Sept. 4, 2013)).

If the parties agree on the confidential designation of discovery materials, however, their agreement requires no endorsement by the Court. *Elser v. John C. Heath, Attorney at Law, PLLC*, No. 5:17-cv-326-Oc-39PRL, 2017 WL 10861314, at *1 (M.D. Fla. 2017). The parties' stipulation is effective and enforceable when reduced to writing and signed by each party. *Gurzi v. Penn Credit, Corp.*, No. 6:19-cv-823-ORL-31EJK, 2019 WL 8273647, at *1 (M.D. Fla. Dec. 30, 2019) (noting the case management order provided that "[t]he Court will enforce stipulated and signed confidentiality agreements") (citation omitted); *see also Worldwide Aircraft Servs., Inc. v. Cigna Health & Life Ins.*, No. 8:22-cv-407-VMC-CPT, 2022 WL 4552112, at *1 (M.D.

Fla. July 19, 2022) (same); *Intelident Sols., LLC v. Calvetti Ferguson, LLC*, No. 8:19-cv-2606-MSS-CPT, 2021 WL 9333857, at *1 (M.D. Fla. Apr. 29, 2021).

Here, the proposed order includes a provision allowing challenges to designations set under the parties' agreement. Paragraph 8 of the proposed order says:

> Any CONFIDENTIAL or ATTORNEYS EYES ONLY designation is subject to challenge by any party or non-party with standing to object at any time that is consistent with the Court's Scheduling Order. . .Unless the designating party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the designating party's designation until the Court rules on the challenge. . . If a party notifies a designating party of a challenge to a designation of material. . . the designating party shall have ten (10) days from the date of such notice to meet and confer with the challenging party and, if the parties cannot reach agreement on the designation, move the Court for leave to designate the material in question ATTORNEYS EYES ONLY.  If the designating party does not so move the Court within such ten (10) day period, or if the Court denies such leave to the designating party, the material in question shall thereafter be treated as having been designated CONFIDENTIAL.

Doc. 32-1, p. 12–13 at ¶ 8. This language blurs the line between enforcing a protective order after wrongful disclosure and determining what constitutes "confidential material" under a stipulated agreement. During discovery, the Court adjudicates relevancy, admissibility, and compliance with the Federal Rules of Civil Procedure. Applying "the parties' contractually-created definition of 'Confidential'" or resolving "what designation is proper under the terms of the stipulated protective order" is beyond the Court's purview. *Oscher v. Lincare, Inc.*, No: 5:21-cv-270-ACC-PR, slip op. at 3 (M.D. Fla. Sept. 20, 2022).

Accordingly, the parties' joint motion for entry of a stipulated protective order, Doc. 32, is **DENIED WITHOUT PREJUDICE**. Because the parties stipulate to the terms of their written, signed confidentiality designations, the agreement is effective without the Court's endorsement. *See Local Access, LLC v. Peerless Network, Inc.*, No. 6:17-cv-236-WWB-EJK, 2023 WL 3058655, at *1 (M.D. Fla. Apr. 24, 2023) (holding that the Court will not interfere with the terms of a stipulated, signed agreement between the parties beyond enforcement).

**ORDERED** on this 31st day of October, 2024.

_____
LINDSAY S. GRIFFIN
United States Magistrate Judge