IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

Case No. 8:24-cv-01341-KKM-LSG

ALEX EVERS,

    Plaintiff,

v.

THE SPORTS MALL, LLC d/b/a
SPORTSCOLLECTIBLES.COM and
DAVIS & DARNELL COMPUTER
SERVICES LLC d/b/a NITTANY WEB
WORKS,

    Defendants.

## PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Plaintiff Alex Evers ("Plaintiff") hereby files this motion for leave to file his First Amended Complaint (a copy of which is attached hereto as Exhibit "A"), and states as follows:

1. On June 3, 2024, Plaintiff filed his original Complaint in this action [D.E. 1]. The original Complaint asserts a claim for copyright infringement against defendants The Sports Mall, LLC d/b/a SportsCollectibles.com ("Sports Mall"), and Davis & Darnell Computer Services LLC d/b/a Nittany Web Works ("Nittany Web") (collectively, the "Defendants").

2. On July 9, 2024, Sports Mall filed its Answer and Affirmative Defenses to Complaint. See D.E. 15.

3. On July 23, 2024, Nittany Web filed a Motion to Dismiss Plaintiff's Complaint. See D.E. 22.

## ARGUMENT

**The Court Should Allow Filing of a First Amended Complaint**

4. Generally, a court should freely give leave to amend a complaint when justice so requires. Fed. R. Civ. P. 15(a)(2). Whether to allow amendment of the pleadings is within the discretion of the trial court. Castros v. Signal Fin. Co. LLC, No. 1:17-cv-21870-KMM, 2018 U.S. Dist. LEXIS 238011, at *3 (S.D. Fla. Feb. 4, 2018). The purpose of Rule 15 "is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." Id. Under rule 15(a) of the Federal Rules of Civil Procedure, "a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served…." Fed. R. Civ. P. 15(a). "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Id.; Fifth Third Mortg. Co. v. Martell, No. 07-21854-CIV-MOORE/GARBER, 2008 U.S. Dist. LEXIS 135244, at *3 (S.D. Fla. Mar. 26, 2008) (noting that whether to grant leave to amend is committed to the district court's

discretion). "Grounds for denying a motion to amend the pleadings include 'undue delay, undue prejudice to the defendants, and futility of the amendment.'" Martell, No. 07-21854-CIV-MOORE/GARBER, 2008 U.S. Dist. LEXIS 135244, at *3; see also Abramson v. Gonzalez, 949 F.2d 1567, 1581 (11th Cir. 1992) (holding similarly). A proposed amendment is futile if the amended complaint would necessarily fail, meaning the proposed amendment would not survive a motion to dismiss. Dw v. Carnival Corp., No. 17-20115-Civ-WILLIAMS/TORRES, 2017 U.S. Dist. LEXIS 228244, at *4 (S.D. Fla. Aug. 1, 2017); Christman v. Walsh, 416 F. App'x 841, 844 (11th Cir. 2011); Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262-3 (11th Cir. 2004); St. Charles Foods, Inc. v. Am.'s Favorite Chicken Co., 198 F.3d 815, 822 (11th Cir. 1999).

5. The Scheduling Order [D.E. 39] sets a deadline of December 2, 2024 for Plaintiff to seek leave to amend his pleading – this Motion is filed within that timeframe.

6. There is no undue delay or prejudice here, as the Motion is being filed within the time frame provid[1]ed by the Court.

7. Additionally, the amended Complaint will not prejudice the Defendants, as Plaintiff is not seeking to add any claims to the Complaint but is merely seeking to alter an existing allegation. The amended Complaint seeks to

---

[1]

further clarify the relationship between Defendants, as well as expand on Nittany Web's overall role in the alleged infringing acts.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an Order: (a) granting this Motion and (b) deeming the proposed First Amended Complaint filed as of the date of such Order.

Respectfully submitted,

Dated: December 2, 2024.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com
lauren@copycatlegal.com

By: /s/ Daniel DeSouza___
    Daniel DeSouza, Esq.
    Florida Bar No.: 19291
    Lauren M. Hausman, Esq.
    Florida Bar No.: 1035947

## Local Rule 3.01(g) Certification

Before filing this Motion, undersigned counsel conferred with counsel for defendants, J. Todd Timmerman, counsel for Sports Mall, and Brian Gilchrist, counsel for Nittany Web Works, on December 2, 2024, via electronic mail. Mr. Timmerman represented that Sports Mall takes no position on the Motion. Mr. Gilchrist represented that Nittany Web does not oppose the Motion.

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

<u>/s/ Daniel DeSouza</u>
Daniel DeSouza, Esq.